IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ASHRAF A. ETTAYEM**
1195 Breakers Court
Westerville, Ohio 43082

          Plaintiff,

vs.

**MAPLEBEAR, INC**
**D/B/A INSTACART its**
**Subsidiaries, Representatives, Affiliates**
**Officers, and Directors**
50 Beale St, Suite 600
San Francisco, CA 94105

*Serve on:*
*COGENCY GLOBAL, INC.*
*Registered Agent*
*3958-D B*rown Park Drive
Hilliard, Ohio 43026

          Defendant.

CASE NO.  2 20CV4512

HONORABLE JUDGE: Judge Morrison

MAGISTRATE JUDGE VASCURA

## COMPLAINT FOR SPECIFIC PERFORMANEC OF A CONTRACT

Plaintiff Ashraf A. Ettayem, ("Plaintiff"), seeks the judicial enforcement of an arbitration clause in resolving disputes pursuant to contracts attached Exh. "A"

### PARTIES

1. Plaintiff is an individual, a resident of Delaware County, Ohio and a citizen of the State of Ohio.

1

2. Plaintiff conducted business as a logistic Shopper/ Delivery personnel using Defendant's Application platform and services as required.

3. The principal place of business is 1195 Breakers Court, Westerville, Ohio 43082.

4. Defendant Maplebear Inc, D/B/A Instacart, its Subsidiaries, Representatives, Affiliates, Officers, and Directors ("Defendant") is the proper defendant to this action pursuant to 7 U.S.C. § 2323, and pursuant to the contract.

5. Defendant is a Delaware Corporation and / or a Limited Liability Company, conducting business as a technology company that provides communications and logistics platform.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is premised upon 7 U.S.C. § 2023 as a statutorily authorized action and upon 28 U.S.C. § 1331 as arising under the laws of the United States of America.

7. Venue is proper in this Court pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7(a) and 28 U.S.C. § 1391 because Plaintiff resides within this district, is engaged in business within this district.

## FACTUAL ALLEGATIONS

8. During April and through June 2019, Defendant's platform required Plaintiff to set and schedule the hours of work based on the availability posted in the Application platform.

9. Defendant's policy at time, stated if a shopper is sent a batch "Order" that would require a shopper to pass his / her scheduled hours, then shopper does not need to accept such batch.

10. Defendant's policy at time stated if a shopper is sent a batch "Order" and would like to take a 20 minutes break or whatever reason, Shopper can chose the option to take break not take any batches during break time.

11. During the period of April through June 2019, Shopper in numerous occasions, his shift was ended prior to his assigned hours due his refusal to accept a batch that required him to work beyond his schedule, and subsequently was penalized and taken out of his scheduled shift, negatively impacting his performance metrics, and as result reduced his earnings.

12. Plaintiff contacted Defendant via phone at that time and was complaining about issue above, but in one incident plaintiff was threaten that he has to work the assignment beyond his scheduled hours and if he would not, Defendant's representative threatened to show Plaintiff what would happen to his account and in particular he was shut down.

13. On May 2, 2019, Pursuant to the contract attached, Plaintiff sent his written notice with his intent to arbitrate prior to filing any legal action due to inaccurate system reporting, record accuracy, compensation, and policies, but was totally ignored. See attached Exh. "B"

14. On or about June 8, 2019, Defendant deactivated Plaintiff's payment card "credit card" used to charge for all batch assignment purchases without any notice and without any reason, and was out of work for almost 10 days.

15. Late February 2020, Defendant started a new 100% "on Demand" batch distribution system, and the hourly scheduled system was totally discontinued.

16. In Part of Defendant's Policy, batches were sent "Dispatched" to Shoppers according to the Shoppers' rating and distance from the retailer's location the assignment is scheduled for. Rating is scaled based on customer's rating to shoppers (1-5) stars. 5 stars being the highest and 1 being the lowest.

17. Plaintiff all along maintained a high score rating of (5) stars at almost 99.9999 % of the time.

18. During the month of March 2020 "Pandemic", Plaintiff started noticing other shoppers receiving batches for certain retailers' assignments who were at least 5-15 miles away in distance receiving batch assignments when in fact Plaintiff was the closest (as matter of fact was at the retailer location), with 5 star rating.

19. On April 23, 2020, Plaintiff mailed Defendant a written demand to arbitrate. Additionally, in numerous attempts, Plaintiff tried reaching out to the legal department and via chat texts through front line customer service representatives, but Defendant continued recklessly and carelessly in avoidance to comply with its own written contract. See attached Exh. "C"

20. Defendant's phone lines were totally not in use and service accepting Plaintiff's phone calls. (Plaintiff's phone number was blocked by Defendant). Line till today are not in use.

21. On May 11, 2020, Defendant deactivated Plaintiff's account for an entire week, while plaintiff was in the middle of a batch assignment without any

4

legitimate reason. Plaintiff's account but was re-activated after multiple attempts, and learned from one representative that my account was suppose to be active and apologized.

22. Later on May 2020, Defendant announced a new policy requiring a shopper to give a photo image when prompted though the application in an attempt to verify no other person is using other's identity or account.

23. On June 2020, Defendant passed announced a new policy requiring that a customer who decides to rate a shopper less than 5 stars, customer is required to write the reasons why shopper was rated below 5 stars. In addition, Defendant was to investigate any of alleged lower rating events to validate or invalidate such rating.

24. On at least 3 occasions, Plaintiff received 4 star ratings, and requested from Defendant to remove since no reasons were written for that rating, or at least investigate, but Defendant failed to comply with its own policy as have done all along as argued above.

25. Almost every day or at least every other day, Plaintiff was profiled and eliminated from receiving fair batch distribution according to Defendant's own policy.

26. Plaintiff continued reporting and complaining to Defendant via chat for all wrongdoing as listed above numerous times, and threatened legally to file a legal action and report to the media.

27. On Friday August 28, 2020, Defendant recklessly deactivated Plaintiff's account alleging that my threat for filing a legal action and report to the

media are threats of violence. Defendant knew and or should have known that Plaintiff never caused any violence threats.

28. Plaintiff sent and copied the legal department in response to the allegation above, but was never replied to as well.

29. Plaintiff has been aggrieved by Defendants' decisions.

30. Plaintiff incorporates by reference the foregoing facts as if restated herein

31. Defendant entered into a written contract with Plaintiff, who has continuously failed to comply with its own provisions.

32. Defendant knowingly and recklessly deceived and misrepresented to Plaintiff its own policies as all have been written above.

33. Defendant knew with its own falsity and misrepresentations of the its policies written above and applicability

34. Defendant knew that it was not going to comply with these above policies, or was not going to apply it as written.

35. Defendant knew that Plaintiff was relying on complying with these policies and / or promises would lead to Plaintiff's greater financial earnings and/ or benefits.

36. Defendant continuously failed to comply with its own drafted and written contract and policies.

37. Defendant continuously has failed to perform its duties in good faith and deal fairly with Plaintiff.

38. As result Defendant grieved actions above, Plaintiff has lost and will continue to lose every day financial opportunities and earnings.

## DEMAND FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff demands against Defendant as follows:

A. At this stage, Plaintiff demand an Order and Judgment Entry enforcing the agreement clause pertaining to arbitration, by ordering Defendant to comply and start arbitrating Plaintiff's claims through a third neutral party at Defendant's own expense.

B. If Defendant fails to comply, Plaintiff will have the absolute right to adjudicate his claims to the fullest.

C. Plaintiff has the right to amend his complaint here or through arbitration as it deemed necessary, reasonable, and pursuant to discovery for any other relief Plaintiff may be entitled to by law or in equity, and that the Court deems just and proper.

Respectfully Submitted,

/s/ ASHRAF A. ETTAYEM
Ashraf A. Ettayem, Plaintiff
1195 Breakers Court
Westerville, Ohio 43082
Phone: 614-260-6823
aettayem@aol.com