# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ASHRAF A. ETTAYEM,

        Plaintiff,     :    Case No. 2:20-cv-4512

- vs -                      Judge Sarah D. Morrison
                            Magistrate Judge Chelsey Vascura

MAPLEBEAR, INC. d/b/a INSTACART,

                                        :

        Defendant.

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, alternatively, to Compel Arbitration. (ECF No. 14.) Mr. Ettayem filed a Memorandum in Opposition to the Motion (ECF No. 17) and Defendant has Replied. (ECF No. 20.) The matter is now ripe for decision.

## I.    BACKGROUND

The following allegations, taken from the Complaint, are considered as true. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Mr. Ettayem is an Ohio resident who conducted business as a logistic shopper/delivery person using Defendant's Application platform and services. (ECF No. 8, ¶¶ 1, 2.) Defendant, a Delaware corporation with its principal place of business in California, is a technology company that provides communications and logistics platforms. (*Id.* ¶ 5.)

The parties entered into several contracts, which are attached to the Amended Complaint. (*Id.*, ¶ 12, Ex. A.) Problems developed with Defendant's

policies regarding the scheduling system that resulted in Mr. Ettayem's working fewer hours than assigned and earning less money. (*Id.*, ¶¶ 13-16.) When Mr. Ettayem complained about the problems, Mr. Ettayem's account was shut down. (*Id.*, ¶¶ 17-18.)

On May 2, 2019, Mr. Ettayem provided Defendant with an intent to arbitrate under the contract, but Defendant ignored him. (*Id.*, ¶ 19, Ex. B.)

After Mr. Ettayem sought to arbitrate, Defendant deactivated his payment card and he was out of work for almost 10 days. (*Id.*, ¶ 20.)

Defendant then changed its policies regarding the scheduling system. (*Id.*, ¶¶ 21-22.) But even after that change, Mr. Ettayem had problems with receiving assignments from Defendant. (*Id.*, ¶¶ 24-25.) Defendant again ignored Mr. Ettayem's complaints. (*Id.*, ¶ 25.)

On April 23, 2020, Mr. Ettayem mailed Defendant a written demand to arbitrate. (*Id.*, ¶ 26, Ex. C.) He then made additional attempts to contact Defendant without success. (*Id.,* ¶¶ 26-27.)

After Mr. Ettayem made two demands to arbitrate his disputes, he continued to have problems with Defendant deactivating his account and with receiving fair batch distribution. (*Id.*, ¶¶ 28-34.)

Mr. Ettayem brought this action claiming that Defendant breached its duties under its contracts with him causing him damages "exceeding the sum or value of $75,000, exclusive of interests or costs." (*Id.*, ¶¶ 45-46). He demands the following relief:

A. **At this stage,** Plaintiff moves this Honorable Court for an Order and a Judgment Entry enforcing the agreement clause pertaining to arbitration, ordering Defendant to comply and start arbitrating Plaintiff's claims through a third neutral party at Defendant's own expense.

B. If Defendant fails to comply, Plaintiff will have the absolute right to adjudicate his claims to the fullest.

C. Plaintiff has the right to amend his First Amended Complaint here or through arbitration as it deemed necessary, reasonable, and pursuant to discovery for any other relief Plaintiff may be entitled to by law or in equity, and that the Court deems just and proper.

(*Id.*, PageID 54.)

## II. SUBJECT MATTER JURISDICTION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction.

3

No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). This case involves the former.

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Roulhac v. Sw. Reg'l Transit Auth.*, No. 07CV408, 2008 WL 920354, at *2 (S.D. Ohio Mar. 31, 2008) (Dlott, J.).

**B. Subject Matter Jurisdiction**

Mr. Ettayem claims that the Court has both diversity jurisdiction and federal question over the Amended Complaint. (ECF No. 8, ¶¶ 7-10.)

A federal district court has original jurisdiction over an action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). In diversity of citizenship cases, "the general federal rule has long been to decide what the amount-in-controversy is from the complaint itself, unless it appears or is in some way shown that the amount in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul*, 303 U.S. at 288-89; *see also Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (generally, the alleged amount in controversy will suffice unless it appears to

a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount).

This case is an action between citizens of different states. Mr. Ettayem is suing for breach of contract and he claims, several times, that "[t]he amount at stake and controversy exceeds the sum or value of $75,000, exclusive of interest or costs." (ECF No. 8, ¶¶ 10, 46.)

Defendants argue that Mr. Ettayem has not met his burden of establishing the amount in controversy because he "seeks no monetary relief in his Complaint" because he seeks arbitration which "has no monetary value and is not even in controversy." (ECF No. 14, PageID 101.) However, all that is required of a plaintiff is that he plead the required amount in good faith and that the alleged recovery is possible. Here, Mr. Ettayem has alleged that the value of the dispute is in excess of $75,000. And, although the first remedy that Mr. Ettayem seeks is to enforce the arbitration clause in the parties' contract, he further demands that he wants to adjudicate his claims "to the fullest" if Defendant fails to arbitrate the dispute. Though the exact amount of Mr. Ettayem's damages is currently unknown, Defendant has not shown that Mr. Ettayem claims the amount in controversy in bad faith or that there is a legal certainty that the amount is below $75,000.

Accordingly, the Court **DENIES** Defendant's motion for dismissal for lack of diversity jurisdiction due to insufficient amount in controversy and so the Court need not address whether it has federal question jurisdiction.

### C. Case or Controversy

Defendant next argues that the Court is without subject matter jurisdiction because there is no ripe controversy for the Court's consideration because Defendant agrees that the parties must arbitrate their dispute. (ECF No. 14, PageID 104.) However, this argument is also based on Defendant's reading of the Amended Complaint to be seeking only judicial enforcement of an arbitration clause. (*Id.*, PageID 105.) Mr. Ettayem has sufficiently alleged a breach of contract claim; Defendant presumably disputes that it breached the contract. Taking the allegations in the Amended Complaint as true, Mr. Ettayem notified Defendant that he wanted to arbitrate his dispute but Defendant was unwilling to do so. And, Mr. Ettayem seeks alternative relief – if Defendant "fails to comply" with arbitration, he wants to fully adjudicate his breach of contract claim. In other words, while the parties now agree upon one of the remedies Mr. Ettayem seeks, the Amended Complaint sufficiently alleges a ripe case or controversy at this stage of the proceeding. The Court **DENIES** Defendant's motion for dismissal for lack of case or controversy.

### III. ARBITRATION

### A. Standard of Review

The standard for ruling on a motion to compel arbitration motion is dictated by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.,* which provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" for an order compelling

6

arbitration. 9 U.S.C. § 4. "[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." *Id.* § 3.

The FAA manifests "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see* 9 U.S.C. §§ 1–16; *see also Shearson/Am. Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Stachurski v. DirecTV, Inc.,* 642 F.Supp.2d 758, 764 (N.D. Ohio 2009). The Act sets up "a presumption in favor of arbitration," *Marchetto v. DeKalb Genetics Corp.,* 711 F.Supp. 936, 938 (N.D. Ill. 1989) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 625, 105 S. Ct. 3346, 3353 (1985)); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)), and requires that courts "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221, 105 S. Ct. 1238, 1242 (1985).

"To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration . . . ." *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003) (citing 9 U.S.C. §§ 3–4). In cases where all claims are referred to arbitration, the litigation may be dismissed rather than merely stayed. *See Hensel v. Cargill, Inc.,* No. 99–3199, 198 F.3d 245 (table) [published in full-text format at

7

*Hensel v. Cargill, Inc.*, No. 99-3199, 1999 U.S. App. LEXIS 26600, at *9 (6th Cir. Oct. 19, 1999)]; *see also Alford v. Dean Witter Reynolds Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that dismissal is proper where all claims must be submitted to arbitration).

**B. Analysis**

The Court has four "tasks" when addressing a motion to compel arbitration:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000).

Here, the analysis is straightforward. The parties agree that they agreed to arbitrate any disputes between them. (*See,* ECF No. 8; ECF No. 14, PageID 106; ECF No. 17). Next, under Paragraph 9.1 of the 2020 Agreement, the parties agreed that "any and all disputes or claims between [Plaintiff] and [Defendant] shall be exclusively resolved by final and binding arbitration by a neutral arbitrator." (ECF No. 8-1, PageID 59.) Paragraph 9.3 of the 2020 Agreement states that "the disputes and claims covered by this Arbitration Provision include any and all disputes and claims BETWEEN [Plaintiff] and [Defendant] arising out of or relating to this Agreement, . . . including but not limited to disputes or claims related to allegations of wrongful termination; breach of any contract or covenant, express or implied . . . ." (ECF No. 8-1, PageID 59-60.) The scope of the 2020 Agreement

8

therefore encompasses Mr. Ettayem's Amended Complaint. Third, Mr. Ettayem does not assert any federal statutory claims. Fourth, the 2020 Agreement's arbitration provision applies to Mr. Ettayem's only claim. Thus, dismissal of the entire action is appropriate under *Hensel*.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, alternatively, to Compel Arbitration is **GRANTED in part** and **DENIED in part**. (ECF No. 14.) The parties are **ORDERED** to arbitration. Plaintiff's Amended Complaint is hereby **DISMISSED without prejudice**. *See Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922, 944 (S.D. Ohio 2014) (Graham, J.) ("Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice.") (citing cases).

The **CLERK** shall **TERMINATE** this case from the Court's docket and enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**